791 So.2d 800 (2001)
Patricia ZALFEN, Wife of Charles F. Albright, III
v.
Charles F. ALBRIGHT, III.
No. 2000-CA-1225.
Court of Appeal of Louisiana, Fourth Circuit.
July 18, 2001.
Jacob Kansas, Law Offices Of Jacob Kansas, New Orleans, LA, Counsel for Plaintiff/Appellee.
Clayton J. Joffrion, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, Judge MICHAEL E. KIRBY.
KIRBY, Judge.
The parties to this case, Patricia Zalfen and Charles F. Albright, III, are former spouses. They were married in 1963 and legally separated in 1976. Their divorce became final in 1977. On March 5, 1987, the former community property of the parties was partitioned.
Charles Albright became a police officer with the New Orleans Police Department in 1970. The judgment partitioning the former community property of the parties decreed that a portion of the pension due to Mr. Albright from the City of New Orleans was community property. The judgment also decreed that Mr. Albright's creditable service during the existence of the community was 2255 days and that Ms. Zalfen had a one-half interest in Mr. Albright's pension that is attributable to that period. The judgment set forth the formula to be used in determining the amount of pension benefits due to each party. *801 This formula was the same as that set forth in Sims v. Sims, 358 So.2d 919 (La. 1978).
In 1995, Mr. Albright entered into the Deferred Retirement Option Plan ("DROP"). According to Mr. Albright, the Municipal Police Employees' Retirement System determined that the DROP funds were subject to distribution under the 1987 partition judgment. Mr. Albright filed an action in the trial court, seeking an amended judgment decreeing that the DROP funds were his separate property and not subject to partitioning pursuant to the Sims formula. The trial court rendered judgment determining that Ms. Zalfen is entitled to 11.76% of the DROP lump sum distribution paid to Mr. Albright, as being Ms. Zalfen's share of the community under the Sims formula.
In reasons for judgment, the trial court stated that a careful analysis of what DROP funds are shows that they are actual retirement benefits the payment of which has been delayed. The court noted that when Mr. Albright entered DROP, his retirement benefits were frozen, his contributions or amounts withheld from his salary for remittance to the retirement system ceased, and he was unable to collect any retirement funds until he actually ceased working. The court found that the fact that Mr. Albright remained in his employment beyond the three-year DROP period is of no moment. The court noted that when Mr. Albright entered DROP, he could have instead immediately retired and received monthly payments as retirement pay. The trial court found that Mr. Albright's decision to defer retirement for three years does not change the character of the rights of Ms. Zalfen to her portion. Finally, the court stated that it agreed with the arguments presented by Ms. Zalfen's counsel and incorporated them in his decision. Mr. Albright appealed the trial court's judgment.
On appeal, Mr. Albright presents the following four assignments of errors:
1) The trial court erred in finding that the DROP program under La. R.S. 11:2221 was not a voluntary and separate program from the Municipal Police Employees' Retirement System pension.
2) The trial court erred in concluding that when Mr. Albright entered the DROP program, he could have immediately retired and received monthly payments as retirement pay and that his decision not to do so was prejudicial to Ms. Zalfen.
3) The trial court erred in concluding that the DROP program was a part of the retirement benefits that contained community funds.
4) The trial court erred in determining that benefits gained eighteen years after the termination of the former community under the DROP program were community property.
We initially note that Mr. Albright's version of the trial court's findings in his assignments of error includes some statements not included in the trial court's reasons for judgment. For example, the trial court did not dispute the fact that an employee's entry into the DROP program is voluntary. The trial court simply noted that Mr. Albright could have retired on the day he entered DROP, instead of electing to enter that program and continue working. Furthermore, the trial court did not state that Ms. Zalfen's entitlement to a portion of the DROP funds is due to any alleged prejudice suffered by her when Mr. Albright decided to defer retirement and enter DROP. Rather, the trial court's judgment in favor of Ms. Zalfen is based on its determination that DROP funds are included in the pension benefits due to Ms. *802 Zalfen for Mr. Albright's service during the community.
In reviewing the trial court's judgment, we first look to the case of Bailey v. Bailey, 97-1178, p. 4, (La.2/6/98), 708 So.2d 354, in which our Supreme Court stated that the DROP program is described by the Louisiana State Employees Retirement System ("LASERS") in its publication to members as follows:
DROP is an optional method of retiring from the Louisiana State Employees' Retirement System (LASERS).... When an employee enters DROP, his status in LASERS changes from active member to retiree, even though he continues working at his regular job. The employee can participate in DROP for up to three years. During his DROP participation, he accumulates money in an individual account based on what he would have received as a monthly retirement benefit. He also continues to earn his regular salary. He can withdraw the money from his DROP account after he ends state employment-either as a lump sum or a series of payments spread out over time.
In support of his position that Ms. Zalfen is not entitled to a portion of the DROP funds, Mr. Albright cites the case of Schlosser v. Behan, 98-280 (La.App. 5 Cir. 11/25/98), 722 So.2d 1129, writ denied, 98-3165 (La.3/26/99), 739 So.2d 791, in which the Fifth Circuit found that a former wife was not entitled to her former husband's DROP funds where the former husband did not enter the DROP program until seventeen years after termination of the community. The Schlosser court found that this time element distinguished that case from Bailey v. Bailey, supra, in which a community existed during part of the time the employee was in the DROP program. Mr. Albright contends that the instant situation is more factually analogous to Schlosser than to Bailey, and that Ms. Zalfen's claim for DROP funds should have been denied due to the fact that Mr. Albright entered the DROP program after termination of the community.
In her brief, Ms. Zalfen argues that the Bailey case is controlling in this matter, and that the DROP funds should be partitioned between the parties in accordance with the Sims formula.
We do not agree with the conclusions reached by our colleagues on the Fifth Circuit in the Schlosser v. Behan case, and therefore, we decline to follow that decision. Specifically, we do not agree with the Schlosser court's holding that the Bailey case is distinguishable and not controlling in a situation where a former spouse's entry into the DROP program occurred after the termination of the community. Even though the Bailey case involved funds deposited into the DROP program both during the community and after the termination of the community, the fact remains that the Supreme Court determined that funds deposited to DROP after the termination of the community were community property subject to partitioning in accordance with the Sims formula.
In explaining its decision, the Bailey court state:
In the DROP situation, the employee spouse's election to enter the DROP program operates, as of the date of that election, to fix the base amount of the employee's eventual monthly retirement benefits, and this amount is credited to the DROP account monthly as retirement benefits, although the actual receipt of the funds in that account is deferred until the employee actually retires.
... If Mr. Bailey had actually retired on the date he entered the DROP program, Mrs. Bailey clearly would have had the right to share, in the stipulated *803 percentage, in the retirement benefits he would have received. The fact that the same amount of monthly retirement benefits was credited to a deferred-receipt account under a fictitious retirement for a specific temporary period should not change the result. Bailey v. Bailey, 97-1178, pp. 7-8, (La.2/6/98), 708 So.2d 354, 358.
Following the reasoning set forth in Bailey v. Bailey, supra, we conclude that the trial court correctly found that the DROP lump sum distribution paid to Mr. Albright is community property and that Ms. Zalfen is entitled to 11.76% of those funds as her share of the community under the Sims formula.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.