824 So.2d 1260 (2002)
Pamela S. McKINSTRY, Plaintiff-Appellant,
v.
Byron H. McKINSTRY, Jr., Defendant-Appellee.
No. 36,285-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1261 Albert E. Loomis, III, Mason Oswalt, Monroe, for Plaintiff-Appellant.
Bobby L. Culpepper, Jonesboro, Teresa Culpepper Carroll, for Defendant-Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
NORRIS, Chief Judge.
Pamela McKinstry appeals two judgments, the first of which declined to consider and the second of which dismissed, her claim to partition certain community property assets which had not yet been divided. She urges by two assignments of error that La. R.S. 9:2801.1, which became law on August 15, 2001, applies retroactively and allows the court to consider the value of her husband Byron McKinstry's social security benefits in dividing her Teachers' Retirement benefits. For the reasons expressed, we affirm.

Factual and procedural background
Pamela and Byron were married in Watertown, New York in July 1968 but established their matrimonial domicile in Jackson Parish, Louisiana. The parties separated, and on April 4, 1996, Pamela filed for an Art. 102 divorce; judgment of divorce was rendered November 14, 1996, reserving "the rights of both parties in and to the community property."
Pamela later filed a petition in rule to partition the community property; trial was held over two days in April and May 1998. The District Court's judgment, filed on December 8, 1998, divided the parties' various (and substantial) assets. Relevant to this appeal, it awarded Byron a portion of Pamela's pension benefits from the Teachers' Retirement System of Louisiana pursuant to Sims v. Sims, 358 So.2d 919 (La.1978).
Pamela moved for a new trial on grounds, inter alia, that the judgment failed to include a provision that if she elects to enter the Teachers' Retirement Deferred Retirement Option Plan ("DROP"),[1] Byron should not receive the "increased retirement benefits" that she would receive from the DROP.
The court denied the motion for new trial but rendered an amended judgment on September 9, 1999. This recognized that Pamela had not been a DROP participant during the marriage. The court ordered that her Teachers' Retirement benefits:
be divided pursuant to the entrance of a qualified domestic relations order ["QDRO"] in accordance with the appropriate formula for such a plan. If the appropriate formula is that set forth in the case of Sims v. Sims, that formula will show the date of termination of the community existing between the parties as being April 4, 1996.
The parties entered a QDRO with respect to Byron's 401(k) and monthly retirement benefits from Stone Container Corp., but were unable to agree on the division of Pamela's Teachers' Retirement. Pamela refused to sign this QDRO on grounds that her DROP account did not exist until after the community terminated. Byron filed a rule to show cause why she should not sign his proposed QDRO with respect to the Teachers' Retirement.
*1262 At a hearing on October 9, 2001, counsel for Byron argued that even though Pamela elected to take DROP after the community terminated, her DROP benefits had been partitioned by prior judgments and subject to division according to the Sims v. Sims formula. In support, he cited the recent case of Bullock v. Owens, 35,078 (La.App. 2 Cir. 9/26/01), 796 So.2d 170. Counsel for Pamela cited R.S. 9:2801.1, which became law on August 15, 2001, and suggested that "social security is the check off against the retirement or the totality of the teacher's retirement."
The court rendered "reasons for judgment and judgment" on November 7, 2001, finding that Pamela's DROP benefits were indeed retirement benefits subject to division according to the Sims formula. However, the court ruled that Pamela's argument based on R.S. 9:2801.1 "is not before the court and will not be considered in these assigned reasons for judgment."
Pamela then filed the instant petition to partition community property not yet divided. She alleged that R.S. 9:2801.1 applied to her claim. She specifically prayed that in apportioning Byron's share of her Teachers' Retirement, the court should address Byron's social security retirement.
Byron responded with exceptions of lis pendens, res judicata and no cause of action. He urged that R.S. 9:2801.1 was inapplicable both on its own terms and because it became law after all the outstanding issues of community property were litigated.
After a hearing, the District Court overruled Byron's exceptions of lis pendens and res judicata. However, by judgment of January 29, 2002, the court sustained the exception of no cause of action and dismissed Pamela's petition at her cost, designating this as an appealable final judgment.
Pamela has appealed both the November 7 judgment, which declined to address her R.S. 9:2801.1 claim, and the January 29 judgment, which rejected it on the exception of no cause of action.

Discussion
By her first assignment of error Pamela urges the District Court erred in refusing to consider the allocation of Byron's social security benefits, while at the same time taking up the allocation of her own DROP benefits even though no pleading pertaining to DROP had been filed. She contends that it was "inequitable and a violation of equal protection" for the court to consider an issue presented in chambers by one party but not do the same for the other party. She argues that neither side presented its respective issue by pleading to the court.
We find no violation of equal protection. Contrary to Pamela's argument, Byron's rule to show cause explicitly claimed that she refused to sign the QDRO with respect to Teachers' Retirement benefits. This obviously included her DROP benefits, which are taken in lieu of a retirement allowance and treated as one "subaccount" in the retirement system. La. R.S. 11:786 A, 788 B(1). Pamela argued, as a defense to Byron's rule, that her DROP benefit had never been dealt with and, alternatively, that she was due an offset under R.S. 9:2801.1. The District Court was not plainly wrong to find that the DROP issue was properly before the court, while the offset was not.
Moreover, the court correctly applied the substantive law of Bullock v. Owens, supra. DROP is an integral part of Teachers' Retirement; when a former spouse elects to participate in DROP after the termination of community, the nonparticipating spouse is entitled to a portion of the DROP proceeds according to the formula in Sims. See also, Bailey v. Bailey, *1263 97-1178 (La.2/6/98), 708 So.2d 354; Zalfen v. Albright, 00-1225 (La.App. 4 Cir. 7/18/01), 791 So.2d 800; Kenneth Rigby, Matrimonial Regimes: Recent Developments, 60 La. L.Rev. 405 (2000). Since the issue was properly raised and the court was obligated to divide Pamela's DROP benefit in accord with Sims, the court was entitled to address this issue.
Finally, the court ultimately considered her claim at the hearing in December 2001 and adjudicated it in the January 29, 2002 judgment. Any error in refusing to consider it earlier was remedied. This assignment lacks merit.
By her second assignment Pamela urges the District Court erred in sustaining Byron's exception of no cause of action on grounds that R.S. 9:2801.1 should not have retroactive effect. A plain reading of this statute, she contends, shows that the legislature has always viewed social security benefits as community property, but in 2001 it merely established a new procedure whereby social security benefits, which are federally preempted from community partition, may be allocated to the spouse who is entitled to a share of them. Since the statute is procedural, she contends that it should be given retroactive effect, as was its "parent statute," R.S. 9:2801. Hall v. Hall, 460 So.2d 1053 (La. App. 2 Cir.1984).
The statute at issue, R.S. 9:2801.1, provides:
When federal law or the provisions of a statutory pension or retirement plan, state or federal, including but not limited to social security, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community. (Emphasis added)
A plain reading of this statute shows that the legislature intended only a limited retroactive application. It states that a party entitled to a portion of his or her former spouse's social security benefits shall be allocated other community property equal in value, prior to the division of the rest of the community property. In other words, after all the community property has been divided, the spouse may no longer assert the remedy of the statute. In the instant case, all the community assets (including Pamela's Teachers' Retirement) had been divided by judgment of December 8, 1998 and amended judgment of September 9, 1999, both before R.S. 9:2801.1 was enacted. Neither judgment was appealed. For this reason, the District Court was not plainly wrong in refusing to apply R.S. 9:2801.1 to the instant case.
We pretermit consideration of whether this statute effects a substantive or merely procedural change in the law. We only note that prior to the enactment of R.S. 9:2801.1, no Louisiana statute recognized a party's interest in property which, but for federal preemption, would be classified as community. The classification of a spouse's Social Security benefits is preempted by federal law. Thibodeaux v. Thibodeaux, 97-1297 (La.App. 1 Cir. 5/15/98), 712 So.2d 1024, and citations therein. A statute does not normally change the character of property which has already been classified as community or separate. See, e.g., Wood v. Wood, 424 So.2d 1143, 1150 (La.App. 1 Cir.1982). Nothing in R.S. 9:2801.1 purports to change the character of social security benefits as separate property.

*1264 Conclusion

For the reasons expressed, the judgments of November 7, 2001 and January 29, 2002 are affirmed. Costs are assessed to the appellant, Pamela S. McKinstry.
AFFIRMED.
NOTES
[1] See La. R.S. 11:786, et seq.