STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

SHEILA GAIL ROMERO COMEAUX

VERSUS

DOUGLAS JULIEN COMEAUX

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2005-4992
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED AS AMENDED.**

Lee W. Boyer
Lynsay M. Fontenot
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
One Lake Side Plaza, Fourth Floor
Lake Charles, LA 70601
(337) 436-9491
COUNSEL FOR PLAINTIFF/APPELLEE:
    Sheila Gail Romero Comeaux

Alvis J. Roche
Attorney at Law
1515 Common Street
Lake Charles, LA 70601
(337) 436-9457
COUNSEL FOR DEFENDANT/APPELLANT:
    Douglas Julien Comeaux

PETERS, J.

Douglas Julien Comeaux appeals a portion of the trial court judgment partitioning the community of acquets and gains previously existing between himself and his former wife, Sheila Gail Romero Comeaux, wherein he was ordered to pay her an equalizing payment of $35,965.87. For the following reasons, we amend the trial court judgment and affirm as amended.

## DISCUSSION OF THE RECORD

Sheila Gail Romero Comeaux (Sheila) and Douglas Julien Comeaux (Douglas) were married on December 7, 1996, and physically separated in September of 2005. In her October 12, 2005 petition for a divorce under La.Civ.Code art. 102, Sheila sought, among other relief, a judicial partition of the community of acquets and gains previously existing between her and her husband. The matter went to trial on the partition issue on March 14, 2007.[1]

Prior to trial, the parties had agreed upon the classification and value of most of their assets. Thus, the primary issue facing the trial court was the status of the social security benefits Douglas had earned during the marriage. After completion of the evidence phase of the trial, the trial court informed the litigants that it would appoint an appraiser to assess the value of the property still in dispute, allowed the attorneys to address the social security issue through briefs to the court, and took the remaining matters under advisement. After receiving the report of the court-appointed appraiser as well as the briefs of the attorneys,[2] the trial court issued written reasons for judgment on June 2, 2008.

---

[1]The divorce and other ancillary matters had been ruled upon by this time.

[2]Although the trial court's June 2, 2008 reasons for judgment state that it considered the post-trial memoranda, the record does not contain any briefs or memoranda submitted after the March 14, 2007 trial.

In its written reasons for judgment, the trial court recognized that the value of the social security benefits Douglas earned during the marriage is not community property, noting that "the Supremacy Clause of the United States Constitution preempts classification of social security benefits under the Louisiana community property laws." However, the trial court also noted the discretion afforded it by La.R.S. 9:2801.1 to award a spouse community property equal in value to social security benefits that cannot be considered as community property.

On the same day it released its reasons for judgment, the trial court executed a judgment wherein it assigned the various community assets and liabilities to each party. The judgment first noted that the social security benefits Douglas earned during the marriage had a value of $42,586.00 and expressed the trial court's intention to use its discretion, afforded by La.R.S. 9:2801.1, "to equalize an unequal net distribution," stating that it would do so by awarding Sheila the couple's home.[3] Next, the judgment awarded Sheila community assets totaling $97,595.00,[4] and awarded Douglas community assets totaling $35,709.73. It then assigned $91,529.21 in community debts to Sheila[5] and $31,171.32 in community debts to Douglas, leaving Sheila with a net community property recovery of $6,065.79 and Douglas with a net community property recovery of $4,538.41. The judgment also recognized that Sheila was entitled to reimbursement for one-half of the $21,224.48 she had paid on community obligations, or $10,612.24. The trial court judgment awarded Sheila

---

[3]The judgment is somewhat confusing in this respect because, in the next paragraph after allocating the family home to Sheila as an equalizing payment, the judgment again assigns the same property to Sheila as an overall asset of the community estate.

[4]As stated in footnote 3, this included the family home valued at $78,750.00.

[5]The list included two mortgage obligations secured by the family home: one to CitiMortgage totaling $51,766.00 and the other to Hibernia National Bank totaling $6,975.19.

2

an equalizing payment of $35,965.87 to balance the assets and liabilities allotted to both after taking into consideration Douglas' social security benefits, as allowed by La.R.S. 9:2801.1.

Douglas has appealed this judgment, and his nine assignments of error on appeal can be condensed into four issues:

1) Did the trial court err in awarding Sheila community property equal in value to the social security benefits earned by Douglas during the marriage;

2) Did the trial court err in valuing the social security benefits Douglas earned during the marriage at $42,586.00;

3) Did the trial court err in stating that the total value of the guns awarded to Douglas was $1,145.00; and

4) Did the trial court err in ordering Douglas to pay Sheila an equalizing payment of $35,965.87?

**OPINION**

***Award of community property equal in value to social security benefits***

The determination whether a former spouse's social security benefits are community property is preempted by federal law. U.S. Const. art. VI, cl. 2; 42 U.S.C. § 407 (2002); and *Young v. Young,* 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541. Under federal law, Douglas' social security benefits are his separate property because Sheila and Douglas were married fewer than ten years before they divorced. 20 C.F.R. § 404.331(a)(2). However, La.R.S. 9:2801.1 provides:

> When federal law or the provisions of a statutory pension or retirement plan, state or federal, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community property. *Nevertheless, if such property consists of a spouse's right to receive social security benefits or the benefits themselves, then the court in its discretion may allocate or assign other community property equal in value to the other spouse.*

3

(Emphasis added.) Thus, under La.R.S. 9:2801.1, a trial court has the discretion to assign a spouse community property equal to the amount the other spouse will receive in social security benefits.

Louisiana Revised Statutes 9:2801.1 was not enacted until 2001, and only became effective August 15, 2001. Douglas argues that the statute cannot be applied retroactively to a marriage that began in December of 1996.[6] When a trial court interprets and applies state statutes, the appellate court reviews that statutory interpretation under the *de novo* standard of review. *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118.

This is the first time that a court has been faced with the question whether La.R.S. 9:2801.1 applies to social security benefits that were earned prior to the statute's effective date.[7] Louisiana Civil Code Article 6 provides that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary," and La.R.S. 1:2 states that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated."

_____

[6]Douglas also argues that because he entered the social security system in January 1, 1988, the statute cannot be applied to him.

[7]In *McKinstry v. McKinstry*, 36,285, p. 6 (La.App. 2 Cir. 8/14/02), 824 So.2d 1260, 1263, *writ denied*, 02-2361 (La. 1/10/03), 834 So.2d 438, the court specifically did not address whether La.R.S. 9:2801.1 could be applied retroactively, but said:

We only note that prior to the enactment of R.S. 9:2801.1, no Louisiana statute recognized a party's interest in property which, but for federal preemption, would be classified as community. The classification of a spouse's Social Security benefits is preempted by federal law. *Thibodeaux v. Thibodeaux*, 97-1297 (La.App. 1 Cir. 5/15/98), 712 So.2d 1024, *and citations therein*. A statute does not normally change the character of property which has already been classified as community or separate. *See, e.g.*, *Wood v. Wood*, 424 So.2d 1143, 1150 (La.App. 1 Cir.1982). Nothing in R.S. 9:2801.1 purports to change the character of social security benefits as separate property.

4

Our supreme court has recognized that "[d]etermining whether a statute operates retroactively can be difficult when the statute must be applied to a case in which some operative facts pre-date the law while others occurred after the law's effective date," stating that "[i]t is imperative to understand that a law may permissibly change the future consequences of an act and even the consequences of acts committed prior to the law's enactment without operating retroactively." *Walls v. Am. Optical Corp.*, 98-455, p. 4 (La. 9/8/99), 740 So.2d 1262, 1266 (citing 1 M. Planiol, *Treatise on the Civil Law*, Sec. 243 (La.St.L.Inst.Trans.1959)). The supreme court adopted Planiol's rule for determining the two situations in which a law operates retroactively: "[A] law is retroactive when it goes back to the past either to *evaluate the conditions of the legality of an act*, or to modify or suppress the *effects of a right already acquired*. Outside of those conditions, there is no retroactivity." *Id.* at 1267 (citations omitted).

Employing Planiol's formula in this case, we find that La.R.S. 9:2801.1 neither evaluates the conditions of the legality of a past act, nor modifies or suppresses the effects of a right already acquired. Nothing in the statute attempts to disturb, modify, or suppress any of Douglas' acquired or vested rights in his social security benefits, nor does it attempt to change Douglas' right to the social security benefits he earned during the marriage. Instead, it allows the trial court to allocate additional community property to Sheila in light of the fact that those social security benefits are Douglas' separate property. Douglas did not have a vested right in how their community property would be divided prior to October 12, 2005, when Sheila filed her petition. That being the case, the trial court did not abuse its discretion in applying the balancing provisions of La.R.S. 9:2801.1. We find no merit in this assignment of error.

5

### *Value of social security benefits*

Douglas also contends that the trial court erred by accepting the valuation of his social security benefits set out in the report prepared by True North Assets Management. We find no merit in this argument. At trial, Sheila's counsel submitted this report as a joint offering. The report states that the marital amount of Douglas' social security benefits is $42,586.00. Douglas' counsel did not object to the amount, but stated that he wanted to "retain and reserve my rights to submit to the Court the issue over the 10-year requirement that a party has to be married before the Social Security law in Louisiana is applicable, " and that "I'm agreeing to the report being offered as an exhibit. I'm reserving my rights to brief it, Judge." At trial, Douglas offered no evidence to contradict this valuation of his social security benefits.

We may not reverse the trial court's valuation of property absent an abuse of discretion. *Alford v. Alford*, 94-1464 (La.App. 3 Cir. 4/5/95), 653 So.2d 133. Where the trial court relied on the only evidence presented at trial, we find no abuse of the trial court's discretion in setting the value of the social security benefits earned during the marriage at $42,586.00.

### *Value of the pistols, rifles, and shotguns*

In its judgment, the trial court set the value of nine guns at $1,145.00 and assigned the guns to Douglas. On appeal, Douglas contends that this was an error, that Mr. Peterson actually assigned a value of $695.00 to the guns he appraised. The appellate record does not contain a copy of Mr. Peterson's appraisal; Douglas filed a motion to correct the record, seeking to supplement the record with a March 28, 2007 letter listing the values that Mr. Peterson set on the disputed property. Sheila, in brief, agrees that the guns were actually valued at $695.00. That being the case, we find that Douglas' motion to correct the record is moot and reduce the total of the

6

community assets awarded to Douglas by the difference between $1,145.00 and $695.00, to a total of $35,259.73.

### *Equalizing payment*

On appeal, Douglas questions the amount of the $35,965.87 equalizing payment; in her brief to this court, Sheila agrees that the trial court erred in awarding that amount. We also agree that the trial court erred.

Unfortunately, neither the reasons for judgment nor the judgment itself explains how the trial court reached the $35,965.87 total. Douglas offers us no alternative figure, but Sheila asserts that the total amount due to her is $19,627.99. According to Sheila, that amount is the sum of $9,015.72 (the amount necessary to balance the distribution of the community assets) and $10,612.24 (the amount due to her for payment of community debts). She reached the first amount by accepting the trial court's statement that it intended to balance the social security benefits by the net value of the family home.[8] She then removed that figure from the balancing equation and balanced the then-remaining assets and liabilities. We accept her calculations and amend the trial court judgment to provide that the equalizing payment necessary to balance the community of acquets and gains and to reimburse Sheila for payments she made for the community is $19,627.99.

### DISPOSITION

For the foregoing reasons, we amend the trial court judgment to set the value of the guns allotted to Douglas Julien Comeaux at $695.00 instead of $1,145.00 and amend the judgment to set the equalizing payment at $19,627.99 instead of $35,965.87. Because the only relief granted Douglas Julien Comeaux on appeal was

---

[8]She reached this net value by subtracting the balance due on the two mortgages against the family home from the gross value of the home.

stipulated to by Sheila Gail Romero Comeaux, we assess all costs of this appeal to Douglas Julien Comeaux.

**AFFIRMED AS AMENDED.**