STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ELOUISE GOODMAN WILLIAMS

VERSUS

JAMES ARTHUR WILLIAMS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 193,004
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.  COSTS ASSIGNED EQUALLY TO THE PARTIES.**

**Michael H. Davis**
**Post Office Box 12180**
**Alexandria, LA   71315-2180**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Elouise Goodman Williams**

**John K. Pierre**
**2900 Westfork Drive, Suite 401**
**Baton Rouge, LA   70827**
**(225) 295-5638**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **James Arthur Williams**

**AMY, Judge.**

The parties sought a partition of their community property following their divorce. In part, and pursuant to La.R.S. 9:2801.1, the plaintiff requested an assignment of additional property to offset the Social Security Disability Benefits received by her husband. The trial court denied the request. The plaintiff appeals, asserting that the trial court's refusal to assign additional property to her results in an inequitable division of the community's assets. For the following reasons, we affirm the trial court's judgment and allocate costs associated with the proceedings.

## Factual and Procedural Background

The parties, Elouise Goodman Williams and James Arthur Williams, married in 1969. Ms. Williams filed a petition for divorce on August 21, 1998. The judgment of divorce was entered in September 2000. Thereafter, Ms. Williams sought to partition the couple's community property. At the resulting 2011 hearing, the trial court heard testimony regarding the parties' significant assets. Namely, the trial court considered the parties' immovable property, vehicles, Ms. Williams' interest in her benefits through the Teacher's Retirement System of Louisiana as well as her Deferred Retirement Option Program (DROP) account, and Mr. Williams' retirement benefits through Dresser Industries.

The trial court also considered Ms. Williams' plea, under La.R.S. 9:2801.1, for an assignment of property to offset amounts that Mr. Williams has received and/or will receive from his Social Security Disability Benefits.[1] In this request, Ms. Williams acknowledged that, upon receipt of her Teacher's Retirement benefits, she will be unable to receive a portion of Mr. Williams' Social Security Benefits attributable to his work life. She further acknowledged that Social Security Benefits

---

[1] Trial testimony established that Mr. Williams receives Social Security Disability Benefits and will receive Social Security Retirement Benefits when those cease.

are not subject to classification as community property pursuant to federal law. Therefore, she requested that the court assign additional property to her in order to more closely distribute the couple's assets.

In its resulting judgment, the trial court awarded Ms. Williams full ownership in the family home, the vehicle in her possession, 64% of her teacher's retirement, one-half of Mr. Williams' Dresser Industries retirement, 100% of her DROP account,[2] and an undivided one-half interest in two lots. The trial court also ordered that Ms. Williams assume the mortgage on the immovable property. In turn, the trial court awarded Mr. Williams full ownership of the vehicle in his possession, one-half of his Dresser Industries retirement, 36% of Ms. Williams' Teacher's Retirement, and the remaining one-half interest in the two lots.

Additionally, the trial court denied Ms. Williams' request that it exercise its discretion under La.R.S. 9:2801.1 and allocate or assign community property equal in value to Mr. Williams' Social Security Benefits that he has received or will receive.

Ms. Williams appeals, specifically questioning the trial court's refusal to assign additional property to her pursuant to La.R.S. 9:2801.1. She further questions the judgment's silence as to apportionment of costs.

**Discussion**

*Assignment of Community Property – La.R.S. 9:2801.1*

Ms. Williams notes that Mr. Williams' Social Security Benefits are attributable to his work years during the couple's marriage. However, and although she acknowledges that such benefits are not attributable to the community pursuant to federal law preemption, Ms. Williams asserts that a lack of recompense for the Social Security Benefits results in an inequitable distribution of the assets. Specifically, Ms.

---

[2] Ms. Williams' retention of the entirety of her DROP funds resulted from the trial court's underlying determination regarding reimbursements due each party. Ultimately, Mr. Williams was ordered to pay Ms. Williams an additional $17,361.11 in reimbursement.

Williams notes that Mr. Williams was awarded thirty-six percent of her Teacher's Retirement, yet she cannot be correspondingly compensated by an assignment from Mr. Williams' Social Security Benefits. Therefore, she claims that the trial court abused its discretion in rejecting her plea under La.R.S. 9:2801.1 to be awarded a portion of other community property equal in value to the non-community federal benefits.

It is unquestioned by the parties that federal law preempts a determination of whether Social Security Benefits are community property. In this regard, we observe that 42 U.S.C. § 407 of The Social Security Act provides, in part:

> (a) In general
> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) Amendment of section
> No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

*See also Comeaux v. Comeaux*, 08-1330 (La.App. 3 Cir. 4/1/09), 7 So.3d 110; *Young v. Young*, 06-77 (La.App. 3 Cir. 5/31/06), 931 So.2d 541.

Instead, Ms. Williams relies upon the discretion afforded the trial court by La.R.S. 9:2801.1, which provides:

> When federal law or the provisions of a statutory pension or retirement plan, state or federal, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community property. *Nevertheless, if such property consists of a spouse's right to receive social security benefits or the benefits themselves, then the court in its discretion may allocate or assign other community property equal in value to the other spouse.*

(Emphasis added.)

3

In reasons for ruling, the trial court did not discuss, at length, its denial of Ms. Williams' request under the above provision. Rather, it explained only that:

> Both parties acknowledge that Ms. Williams is not entitled to receive any portion of Mr. Williams's Social Security benefits as it is preempted by federal law. Yet, Ms. Williams urges this Court to exercise discretion granted in La.R.S. 9:2801.1, with respect to Social Security Disability benefits Mr. Williams has or may receive in the future. It is acknowledged that other courts have done so. See *Comeaux v. Comeaux*, 08-1330 (La. App. 3 Cir. 4/1/09), 7 So. 3d 110, (The Third Circuit affirmed a trial court award of community property in an amount equal in value to social security benefits, which benefits, as a matter of federal preemption, cannot be considered community property.)
>
> This Court declines to exercise discretion pursuant to La. R.S. 9:2801.1 to allocate or assign other community property equal in value to the other spouse, Ms. Williams.

Notably, the trial court referenced *Comeaux*, 7 So.3d 110, a decision rendered by a panel of this court in which La.R.S. 9:2801.1 was applied and which resulted in a greater percentage of property being apportioned to the requesting party. However, for appellate review purposes, it is significant that *Comeaux* involved an affirmation of the trial court's exercise of the discretion afforded it by the statute. In contrast, the instant case involves the trial court's specific refusal to exercise that discretion. Insofar as the trial court chose, instead, to observe and abide by a federal statutory provision excluding Social Security Benefits from community property designation, we do conclude that such an action was an abuse of discretion. We leave the trial court's ruling undisturbed in this regard.

This assignment lacks merit.

*Costs*

Ms. Williams also observes that the trial court's judgment did not cast either party for costs of the proceeding. Mr. Williams joins Ms. Williams in the request that costs be apportioned. Both assert that without guidance, they will be unable to apportion costs.

4

Louisiana Code of Civil Procedure Article 1920 provides that:

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

Reference to the judgment confirms that the trial court did not assign costs to either party. Insofar as this matter involves a partition of the parties' community property, we find it appropriate that costs be assessed equally between both parties. We cast judgment below.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Additionally, costs of this proceeding, both below and on appeal, are assessed equally to the appellant, Elouise Goodman, and the appellee, James Arthur Williams.

**AFFIRMED. COSTS ASSIGNED EQUALLY TO THE PARTIES.**