287 So.2d 539 (1973)
Hildarose G. DAIGRE et al., Plaintiff-Appellees,
v.
Virginia HAVENS, wife of J. W. Cochrane, Defendant-Appellant.
No. 4365.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
*540 Gerald M. Singer, Beverly Hills, Cal., for defendant-appellant.
C. Thomas Bienvenu, Jr., St. Martinville, for absentee defendant-appellant.
James A. Hammers, St. Martinville, for plaintiff-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
FRUGE, Judge.
This case is consolidated with suit No. 4366, on the docket of this court entitled Cochrane v. Estate of Guidry, Sr., and/or Heirs of Guidry, Sr. et al., 287 So.2d 544 (La.App.3rd Cir., 1973). Separate decrees will be rendered.
The focal point of these suits is a community property partition between Edmund L. Guidry and Virginia Havens Guidry, now Cochrane, dated October 10, 1942. This suit was filed on April 4, 1972, by the heirs of E. L. Guidry, Sr. seeking a declaratory judgment or alternatively a reformation of the community property partition as to an item listed therein. Suit No. 4366 was filed by Virginia Havens Cochrane, the former wife of E. L. Guidry, Sr., against his heirs on October 10, 1972, to set aside and annul the community property partition. Edmund L. Guidry, Sr. was deceased at the time these suits were filed.
The petition in Suit No. 4365 alleges the partition agreement, by error and inadvertence, specified a 1/6th interest in certain property, when in fact, the actual intent of the parties was to specify a ¼th interest. A curator ad hoc was appointed for the absentee defendant who filed an answer which denied the plaintiff's contention. By way of the supplemental and amending answer, retained counsel for defendant Virginia Havens Cochrane attacked the act of partition, alleging that it was null and void by reason of fraud, misrepresentation, mistake of fact, and breach of fudiciary duty. Defendant specifically alleged the partition was in reality a complete divesting of her community property interest as she received only her separate properties. Plaintiffs filed a plea of estoppel urging that defendant was barred from denying or questioning any of the material allegations of fact set forth in the act of partition.
The suit filed by Mrs. Cochrane is an action to set aside and annul the community partition and to be recognized as ½ owner of the community formerly existing between her and her late husband, and for an accounting. This suit is founded on the identical grounds alleged by her answer in suit No. 4365. In response to this suit, the heirs of E. L. Guidry, Sr., filed exceptions of prescription of five and ten years, further pleaded estoppel and answered, denying the contentions of plaintiff, and maintaining the partition was fully valid. The suits were consolidated for trial and the exceptions of prescription were referred to the merits due to the allegations of fraud and misrepresentation by Virginia Havens Cochrane.
The case was taken under advisement by the trial court and judgment rendered for the plaintiffs in suit No. 4365 reforming the partition agreement, and in favor of the defendant in suit No. 4366, dismissing *541 Virginia Havens Cochrane's suit and condemning her to pay costs in both actions. From these judgments, Virginia Havens Cochrane has appealed. We affirm.
E. L. Guidry and Virginia Havens (Mrs. Cochrane) were separated by a judgment of the Sixteenth Judicial District Court, rendered on October 7, 1942. The judgment ordered a dissolution and partition of the community acquets and gains. The partition agreement was signed October 10, 1942. It recites that in accordance with the judgment ordering a partition, Edmund L. Guidry and Virginia Havens Guidry agreed to a partition and settlement of the property rights and obligations of the community existing between them. The parties agreed that Virginia Havens Guidry was to receive that portion of the community property situated in Texas and assumed the payment of the mortgage obligations thereon. Edmund L. Guidry was to receive as his share of the community, that portion which was situated outside of the State of Texas and assume all the debts and obligations of the community except the mortgage obligations bearing on the Texas property.
Appellant's contention on appeal is that this partition agreement is null and void due to the fraudulent concealment of her husband, his misrepresentation of fact, and his breach of a fiduciary duty he owed her as her husband and attorney. Counsel for appellant argues the property received by Cochrane was her separate property and that the community was never, in fact, divided. This requires a determination of the legal status of the property at the time of the partition, that is, whether it is community or separate. This argument also involves directly the question of fraud or misrepresentation allegedly practiced by the husband of appellant and his alleged breach of fiduciary duty owed to the wife. It is apparent at this point that the merits of the allegations of the appellant must be disposed of in order to determine whether or not the instrument signed by E. L. Guidry and Virginia Havens Cochrane is a valid partition of the community existing between them. This determination is necessary in order to reach the exception of prescription filed by the heirs of E. L. Guidry, Sr.
The sole witness at the trial was Mrs. Cochrane. She testified the property described as 1108 Orange Avenue in the City of Orange, Texas, was acquired prior to her marriage to Mr. Guidry. However, a mortgage was executed by she and Mr. Guidry in order to obtain funds which were used to improve this property. When asked to identify the mortgage, Mrs. Cochrane stated that "this is the community liability on 1108 Orange Avenue". Although this property was actually her separate property, appellant owed Mr. Guidry the one-half value of the increase or ameliorations to the property due to the expenditure of community funds. This is required by Article 2408 of the Civil Code.
Mrs. Cochrane testified the property described as 1105 Orange Avenue in the City of Orange, Texas, was purchased for her separate estate with her separate funds, The credit sale which contained a recitation to this effect was introduced. She testified the money for the down payment came from funds earned and saved prior to her marriage and payments on the installments were funds from rental of the property at 1108 Orange Avenue.
Our Supreme Court in the case of Taylor v. Dunn, 233 La. 617, 97 So.2d 415, 421 (1957), stated the presumption regarding the status of property acquired during the marriage and the requirements of overcoming the presumption as follows:
"Under the laws of this State, all property acquired during the existence of the marriage, whether purchased in the name of the husband or the wife, is presumed to be community property (Article 2402, Louisiana Civil Code), and the jurisprudence holds that the presumption is not overcome by a mere declaration of the spouses in a deed to the *542 wife that the latter is purchasing with her separate and paraphernal funds, under her separate administration; that `the wife, . . . . to overcome the presumption in favor of the community, must establish three crucial facts, namely: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her.' Houghton v. Hall, 177 La. 237, 244, 148 So. 37, 39, 1933; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396 (1948); Succession of Lejeune, 221 La. 437, 59 So.2d 446 (1952); Stevens v. Johnson, 230 La. 101, 87 So. 2d 743 (1956).
Her testimony as to the nature of these funds is uncorroborated. Appellant did not introduce evidence of a written declaration of her intention to administer her property separately and apart and reserving the fruits for her separate use. Under Civil Code Article 2386, fruits of the paraphernal property of the wife under the administration of the husband fall into the community in the absence of such a written declaration. The evidence presented by the wife falls far short of the requirements set out above. The presumption that the property acquired during the marriage is community property has not been overcome.
Appellant cites several cases which have set aside community property partitions on the basis of fraud, or breach of fiduciary duty owed to the wife. Able counsel for appellant seeks to apply these cases to the situation herein. We find, however, that these cases are inapposite from a factual standpoint. In these cases, the husband was shown to have practiced fraud upon the wife by either concealing assets of the community, or concealing the value thereof, or exaggerating debts owed by the community in order to retain a larger share of the community. It is to be noted that in this case, the allegations of the appellant's petition have not been proved by the evidence adduced at trial.
There was no showing of the values of these properties at the time of the partition. None of the property owned by the community was concealed from the wife. We are unable to conclude that the husband, Mr. Guidry, attempted to defraud the appellant. The trial judge held the allegations of fraud are without foundation.
The appellant Cochrane has sought to prove fraud by her allegations that she was deceived by her husband, who was an attorney, into signing the partition. Fraud is never presumed and must be proved by strong, convincing proof, not simply by a preponderance of the evidence. St. Mary v. St. Mary, 175 So.2d 893 (La.App.3rd Cir., 1965); Teche Concrete, Inc. v. Moity, 168 So.2d 347 (La.App.3rd Cir., 1964); Vestal v. Vestal, 227 So.2d 634 (La.App. 3rd Cir., 1969).
It now is necessary to consider the exception of prescription filed by the heirs of E. L. Guidry, Sr. The exception was maintained by the trial judge and appellant's suit dismissed. The appellees base the exception on the following Articles of the Civil Code.
Article 1413 states:
"Suits for the rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered.
Article 3542 provides:
"The following actions are prescribed by five years: That for the nullity or rescission of contracts, testaments or other acts.
That for the reduction of excessive donations.
That for the rescission of partitions and guarantee of the portions.
This prescription only commences against minors after their majority."
*543 Article 2221 provides:
"In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years.
"That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered, and for acts executed by married women not authorized from the day of dissolution of the marriage or of the separation . . ."
Appellant argues that the case of Berry v. Franklin State Bank and Trust Company, 186 La. 623, 173 So. 126 (1937) applies to this case. Therein the Supreme Court applied the prescription of ten years instead of five years due to fraud practiced upon the wife by the husband. The prescription commenced to run from the time the fraud was discovered. We distinguish this case upon the facts. There the husband misrepresented the amount of debt which the community owed and the value of the property owned by the community. The testimony which was introduced proved the value received by the wife and that received by the husband was inequitable. Therefore, it was manifest that the wife relinquished her valuable property rights for an insufficient cause. The court then applied the ten-year prescription due to the fraud under Article 2221. No mention was made, however, of Article 1413.
Since we have concluded there was no fraud practiced by Guidry upon Mrs. Cochrane, the plea of the prescription of five years from the date of the partition is well-founded and was correctly maintained.
Articles 1413 and 3542 state the applicable prescriptive periods for the rescission of partitions. In the absence of fraud, the prescription commences from the date of the instrument. The date of the partition was October 10, 1942. Appellant's suit was filed October 10, 1972, exactly 30 years later. Her action for rescission has long prescribed.
An important principle recognized in the jurisprudence of this state is the proposition belated claims are not favored. The trial court, with some insight in this regard, noted the length of time which the wife made no claim was 30 years.
"The genius of our law does not favor the claims of those who have long slept on their rights and who, after years of inertia, conveying an assurance of acquiescence in a given state of things, suddenly wake up at the welcome vision of an unexpected advantage and invoke the aid of the courts for relief, under the effect of a newly discovered technical error in some ancient transaction or settlement." Lafitte, Dufilho & Co. v. Godchaux, 35 La.Ann. 1161, 1163 (1883). See Sun Oil Co. v. Roger, 239 La. 379, 118 So.2d 446 (1960); Succ. of Seals, 243 La. 1056, 150 So.2d 13 (1963).
As to the reformation of the partition itself, we believe that the trial judge correctly granted the reformation of the partition specifying that a ¼th interest instead of a 1/6th was the actual intent of the parties. This is manifest by the reference in the partition to the deed of acquisition which was also entered in the record. The partition recites the acquisition of the property by reference to the mortgage and conveyance records of the parish. This reference clearly incorporates the terms of the deed of acquisition of the property. The rationale expressed in Fair v. Williams, 187 Fla. 953, 175 So. 631 (1937), applies
". . . since it is well settled that: `Either party is always permitted, in a suit between the parties to a contract, to correct any error in the instrument purporting to evidence the contract, so as to make it express truly and correctly the intention of the parties.' State v. Standard *544 Oil Co., 164 La. 334, 353, 113 So. 867, 873, and cases there cited."
For the reasons assigned, the judgment of the District Court is hereby affirmed. Appellant to pay all costs.
Affirmed.