SHORTESS, Judge.
On September 30, 1989, Jerry L. Carme-na, Jr., was arrested by the Denham Springs Police on several misdemeanor charges. The American Bankers Insurance Company of Florida (Surety) acted as sure-, ty on Carmena’s appearance bond executed on the same date, wherein it agreed to pay to the State of Louisiana or the City of Denham Springs $637.00 in the event Carmena failed to appear at all stages of the proceedings emanating from these misdemeanor charges.
Carmena failed to appear in court on October 29, 1990. Proceedings were brought styled “City Court of Denham Springs Ward II Versus Jerry L. Carmena Jr., Defendant and American Bankers Ins. Co. of FL,” Number 93251 on the docket of the City Court of Denham Springs, and a judgment forfeiting bail bond was rendered and signed against Surety and Carmena for $637.00 by Raymond S. Bennett, Judge, on October 29, 1990.
The record shows that on October 29, 1990, the trial court mailed a certified copy of the judgment to Surety at 11222 Quail Roost, Miami, Florida 33157, and to Carme-na. The record also shows the judgment was sent to the Clerk of Court for East Baton Rouge Parish for recordation on the same date.
On July 29, 1991, Surety filed a pleading in suit number 93251 styled “Motion to Set Aside Judgment of Bond Forfeiture Petition for Nullity of Judgment.” The *8 grounds recited therein were that said judgment was a nullity because no notice of Carmena’s failure to appear was sent within sixty (60) days as required by LSA-R.S. 15:84.
The trial court denied the post-judgment motion referred to above on October 4, 1991.[1] On November 4, 1991, Surety obtained an order granting a devolutive appeal returnable to this court on January 27, 1992.[2] While Surety cited LSA-15:84(A)(1) as authority in its motion to set aside the October 29, 1990, judgment, it apparently overlooked the pertinent provisions of LSA-R.S. 15:84(B):
A suspensive appeal may be taken, as hereinafter provided, at any time within ten days after the judgment of forfeiture has been rendered. If the bond has beeñ given in a case in which a felony has been charged, that appeal shall be to the supreme court; if in a case in which a misdemeanor has been charged, to the district court having criminal jurisdiction.
This statute provides for a suspensive appeal within ten days after the judgment of forfeiture is rendered. Since misdemeanors were involved here, this appeal should have been brought in the district court having criminal jurisdiction, i.e., the Twenty-First Judicial District Court for the Parish of Livingston. We have no jurisdiction over this untimely appeal, which is dismissed at Surety’s costs.
APPEAL DISMISSED.

. We note that at the hearing on the motion, Surety added a new argument and makes it the sole issue in its appeal to this court, that it is a basic violation of due process for the City Court of Denham Springs to occupy two inconsistent positions, one partisan (the party bringing the action to forfeit the bond) and the other judicial (deciding whether the bond should be forfeited), and then to render a money judgment in its own favor. We pretermit this somewhat compelling issue because of our decision that this appeal must be dismissed.

. Surety attempted to take a suspensive appeal on October 14, 1991. The trial court did not sign the order permitting the appeal apparently because Surety did not furnish copies of the law Surety contended exempted it from posting an appeal bond. On November 4, 1991, the trial court signed a “Supplemental Motion and Order for Appeal" but specifically designated the appeal to be devolutive.