780 So.2d 498 (2001)
Hilda POULLARD, Plaintiff/Appellee,
v.
James L. POULLARD, Defendant/Appellant.
No. 00-1121.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Writ Denied April 20, 2001.
*499 Jonathan C. Vidrine, Ville Platte, LA, Counsel for Plaintiff/Appellee.
Anthony C. Dupre, Ville Platte, LA, Counsel for Defendant/Appellant.
Court composed of DOUCET, Chief Judge, SULLIVAN, and GREMILLION, Judges.
DOUCET, Chief Judge.
The Defendant, James Poullard, appeals the trial court's judgment finding that the Plaintiff, Hilda Poullard, is entitled to one-half of the amount he is receiving from the Veteran's Administration, which she would have been entitled to under its previous designation as retirement benefits.
The parties were married in July 1966. They obtained a legal separation in 1988 and were divorced in 1989. For a number of years, Hilda Poullard received half of her husband's military retirement pay, pursuant to two judgments. The first, dated July 6, 1990, stated that: "IT IS ORDERED that the defendant's JAMES L. POULLARD'S military retirement from the United States Army be and the same is hereby declared to be community property of he and HILDA POULLARD...." The second, entitled "CONSENT JUDGMENT" and dated August 21, 1990 states that:
IT IS ORDERED, ADJUDGED AND DECREED that in consideration of JAMES L. POULLARD paying unto HILDA POULLARD one-half each month of his military retirement check, the stipulations of the parties regarding the waiver of permanent alimony by HILDA POULLARD be given the force of judgment and that plaintiff, HILDA POULLARD does hereby waive all her rights to receive permanent alimony from the defendant, JAMES L. POULLARD, effective immediately.
In 1998, James Poullard waived his right to receive retirement benefits in order to obtain disability benefits. Beginning June 8, 1998, James stopped paying Hilda the amount required by the judgments. In November 1999, Hilda filed a "Rule for Contempt and to Make Judgment Executory", complaining of James' failure to pay. In opposition to the rule, James argued that pursuant to 10 U.S.C.A. § 1408(a)(4)(B)(c)(1) disability benefits are not subject to community division. The trial court entered judgment as follows:
Hilda Poullard and James L. Poullard entered into stipulation whereby Hilda Poullard in consideration of James *500 L. Poullard paying to her one-half (½) of his military retirement check waived her right to permanent alimony. A judgment memorializing this agreement was signed in this case.
Mr. Poullard in 1998 applied for disability retirement which would make his benefits tax free. In order for him to receive these benefits a waiver of an equivalent amount of retirement pay had to be made by him, which was done.
The Court finds that the re-designation of pay cannot defeat the prior agreement of the parties as the wife has a vested interest therein and she is entitled to the same amount of benefit she would receive under the designation "retirement benefits." She is entitled to a judgment for the amount of benefits she should have received since his retirement benefits have been redesignated or since he failed to pay, through the date of judgment.
James asserts that the trial judge erred in so finding. Although he cites numerous cases in support of his position, those cases are distinguishable on two grounds. First, those are cases involving partition of community property occurring after a party has waived military retirement benefits in order to receive disability benefits. In the case before us, Hilda was found to have a one-half ownership interest in James' retirement benefits in 1990. It is questionable whether James could unilaterally waive benefits owned by Hilda. However, we need not reach this issue.
Unlike the parties in the cases cited by the Appellant, the parties herein entered a consent judgment whereby James agreed to pay one-half his retirement benefit to his wife in exchange for her agreement not to seek permanent alimony.
A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. By its nature as an agreement between the parties, it is not limited by the pleadings.
McDaniel v. McDaniel, 567 So.2d 748, 750 (La.App. 2 Cir.1990).
Therefore, we must interpret the agreement entered by the parties.
The interpretation of the consent judgment (i.e. the contract between the parties) is the determination of the common intent of the parties. La.C.C. art. 2045. Each provision in the contract is interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. When the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
Nungesser v. Nungesser, 95-2298, p. 3-4 (La.App. 1 Cir. 6/28/96), 694 So.2d 312, 314.
In this case the terms of the contract are clear. James intended that Hilda receive one-half of his military retirement so as to relieve himself of the obligation to pay alimony. Nothing in either the state or federal law prevents a person from agreeing to give a part of his disability benefit to another. We agree with the trial court that "the re-designation of pay cannot defeat the prior agreement of the parties...." Whatever the designation of the benefits, Hilda is entitled to receive "the amount of benefits she should have received since his retirement benefits have been redesignated or since he failed to pay, through the date of judgment."
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant.
AFFIRMED.