STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-35

SHIRLEY A. BROUILLETTE

VERSUS

KENDRICK L. BROUILLETTE

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,507
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED IN PART; REVERSED IN PART;
REMANDED FOR FURTHER PROCEEDINGS.

Brian D. Mosley
Attorney at Law
Post Office Box 12127
Alexandria, Louisiana 71315
(318) 484-6100
Counsel for Plaintiff/Appellant:
        Shirley A. Brouillette

Richard E. Lee
Attorney at Law
810 Main Street
Pineville, Louisiana 71360
(318) 448-1391
Counsel for Defendant/Appellee:
        Kendrick L. Brouillette

**SULLIVAN, Judge.**

Ex-wife appeals the trial court's dismissal of her suit to enforce a community property settlement pursuant to exceptions of res judicata and prescription filed by her ex-husband. For the following reasons, we reverse in part, affirm in part, and remand for further proceedings.

### *Facts*

Following their divorce in July 1986, Shirley and Kendrick Brouillette executed a Community Property Settlement (Settlement) in which Kendrick transferred to Shirley 47% of his "United States Army Retirement pension for the rest of her lifetime or until the event of her remarriage." In 1993, Shirley filed a Rule to Show Cause, seeking alimony. The record does not indicate that any further action was taken on this Rule. On May 17, 2001, Shirley filed a Rule to Show Cause to enforce the Settlement, asserting that as of December 2000, she was no longer receiving a portion of Kendrick's retirement benefit because he had opted to receive Veterans Affairs disability benefits in lieu of his retirement benefits. A judgment dismissing the Rule without prejudice was granted after a hearing. Shirley filed another Rule to Show Cause on March 25, 2004, seeking final periodic support from Kendrick. The Rule was dismissed pursuant to a Peremptory Exception of Peremption filed by Kendrick.

On June 24, 2004, Shirley instituted a separate suit by filing a Petition to Enforce Community Property Settlement Agreement. She essentially restated the allegations contained in her May 17, 2001 Rule to Show Cause but also included allegations that Kendrick breached the Settlement by changing his retirement benefits to Veterans Affairs disability benefits, which resulted in her not receiving her portion

1

of Kendrick's monthly benefits. She sought to be reimbursed by Kendrick for benefits she is entitled to receive, but has not received, under the terms of the Settlement. She also sought an order directing that the amount due her be withheld from Kendrick's monthly benefits.

Kendrick responded to the Rule to Show Cause by filing a Peremptory Exception of Res Judicata. Shirley then filed a First Amending Petition in which she asserted that in the event she is not entitled to receive 47% of Kendrick's military benefits, the Settlement was void for failure of cause and on the ground of lesion. After a hearing held August 23, 2004, Kendrick's Peremptory Exception of Res Judicata was dismissed.

On August 2, 2005, Kendrick filed a Peremptory Exception of Liberative Prescription as to Shirley's claims that the Settlement was void for failure of cause and lesion. The Exception was set for hearing but continued without date. On February 22, 2007, Kendrick filed a Peremptory Exception of Res Judicata, which was dismissed after a hearing held on April 2, 2007. Lastly, Kendrick filed Peremptory Exceptions of Prescription and Res Judicata by Preclusion on June 18, 2008. A hearing was held on July 14, 2008, and the trial court granted both exceptions. Shirley appeals the grant of these exceptions.

### *Discussion*

In his Peremptory Exception of Prescription and Res Judicata by Preclusion, Kendrick relies on La.Code Civ.P. art. 425 and La.R.S. 13:4231 to argue that Shirley's claims should have been urged in the previous litigation. Article 425(A) provides for issue preclusion; it states: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

2

The doctrine of res judicata is set forth in La.R.S. 13:4231 (emphasis added), which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (2) If the judgment is in favor of the defendant, *all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation* are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The interplay of these two provisions was explained by this court in *Stelly v. Stelly*, 07-640, pp. 3-4 (La.App. 3 Cir. 11/7/07), 969 So.2d 1283, 1286:

> *[R]es judicata* has two different aspects: (1) foreclosure of relitigating matters that have never been litigated but should have been advanced in an earlier suit, and (2) foreclosure of relitigating matters that have been previously litigated and decided. La.R.S. 13:4231; La.Code Civ.P. art. 425; *Stroscher v. Stroscher*, 01-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518. The *res judicata* doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. *Id*. In general, La.R.S. 13:4231 and La.Code Civ.P. art. 425 preclude the same parties from bringing multiple suits on the same issues by requiring them to state all causes of action in one suit arising from an event, and by disallowing the relitigation of a particular issue in subsequent suits when that issue was actually litigated.

### Res Judicata

#### 1993 and 2004 Rules to Show Cause

The subject matter of Shirley's 1993 and 2004 Rules to Show Cause were alimony and final periodic support, respectively. Louisiana Code of Civil Procedure Article 425 does not apply to incidental matters provided for in La.Civ.Code art. 105.

3

La.Code Civ.P. art. 425(B). Spousal support is an incidental matter included in Article 105. Additionally, while Shirley's need for spousal support may have resulted from Kendrick's change in his benefits, her cause of action for spousal support did not arise out of the Settlement, which is a contract, or Kendrick's breach of it; it arose out of the law. La.Civ.Code arts. 111, 112. Accordingly, neither the 1993 nor the 2004 Rule to Show Cause affect Shirley's claims to enforce the Settlement. *See also, D'Angelo v. D'Angelo*, 05-553 (La.App. 1 Cir. 3/29/06), 934 So.2d 119, *writ denied*, 06-995 (La. 6/16/06), 929 So.2d 1293.

### *2001 Rule to Show Cause*

Shirley asserts that the cause of action stated in her May 2001 Rule to Show Cause is not the same as the one stated in this suit; therefore, La.Code Civ.P. art. 425 and La.R.S. 13:4231 have no application here. She contends: 1) the May 2001 Rule to Show Cause was based on the cessation of monthly benefits due to her under the terms of the Settlement; 2) the monthly benefits resumed, and she dismissed the 2001 Rule to Show Cause without prejudice, which extinguished the cause of action at issue therein;[1] and 3) cessation of the monthly benefits again resulted in a new cause of action. Kendrick did not deny in oral argument before the trial court or in his brief to this court that the monthly benefits resumed after Shirley filed her 2001 Rule to Show Cause, but he did deny this assertion when it was made by Shirley's attorney at oral argument before this court. Our discussion of this issue is premised on Shirley's claim that the monthly benefits resumed, prompting her to dismiss her 2001 Rule to Show Cause.

---

[1]Shirley acknowledged in oral argument before this court that she waived any arrearages that had resulted from the stoppage of benefits in December 2000 when she dismissed her 2001 Rule to Show Cause without proceeding on that issue.

4

Shirley's argument is embodied La.R.S. 13:4231(2). In *Wooley v. State Farm Fire and Casualty Insurance Co.*, 04-882, p. 36 (La. 1/19/05), 893 So.2d 746, 771 (citations omitted) (emphasis added), the supreme court explained the application of La.R.S. 13:4231 to such claims:

> [A] second action is precluded when *all* of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) *the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation*; and (5) *the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.*

*See also,* Comment (b) to La.Code Civ.P. art. 425 which provides: "The rationale on which [this] article is based does not in any way exclude the enforcement of the different installments of a conjunctive obligation separately as they mature . . . ."

This court addressed a similar situation pertaining to a settlement agreement among siblings in *Raphael v. Raphael*, 01-1564, p. 4 (La.App. 3 Cir. 5/8/02), 817 So.2d 462, 464-65, and found:

> While we agree with Jerry's interpretation of the May 9, 2001 judgment, her argument ignores the fact that the release language of that agreement related to causes of action existing at that time, and not future causes of action. The remaining issues before the court, including, specifically, the issue of damages arising from her failure to comply with the agreement, were not the subject matter of that litigation. In other words, had she complied with the settlement agreement, no new cause of action would have arisen. Thus, the relief sought by Victor and Adonis was not actionable until she refused to comply with the agreement.

The cause of action that Shirley asserted in her 2001 Rule to Show Cause was extinguished when the monthly benefits resumed and she dismissed the Rule to Show Cause. Thereafter, when the monthly benefits ceased again, a new cause of action arose. Accordingly, Shirley's claim for monthly benefits that accrued after the claims asserted in her 2001 Rule to Show Cause were extinguished is not res judicata under

5

La.R.S. 13:4231 or La.Code Civ.P. art. 425, and the trial court erred in granting the exception.

Shirley also argues that another exception contained in Paragraph B of La.Code Civ.P. art. 425 applies to her claim. Paragraph B provides in part: "Paragraph A of this Article shall not apply to . . . an action for partition of community property and settlement of claims between spouses under R.S. 9:2801." However, Kendrick correctly notes that Shirley has not filed an action to partition community property but an action to enforce a community property settlement. The first is excepted from subpart A of Article 425; the latter is not. This argument is without merit.

*Prescription*

*First Amending Petition*

In her First Amending Petition, Shirley sought to rescind the Settlement on the bases of failure of cause and lesion. Kendrick asserts that this claim is prescribed under the terms of La.Civ.Code art. 1413. Pursuant to Article 1413, a claim to rescind a partition prescribes five years from the date the partition is executed, except in cases of fraud or error. In those cases, prescription runs from the date the error or fraud is discovered. *Id.*

Shirley concedes that Article 1413 is applicable to the claims asserted in her First Amending Petition. However, she argues that Kendrick's action of changing his retirement benefits to disability benefits without her knowledge or consent was fraudulent and changed the nature of the retirement benefits to something that is not amenable to co-ownership and resulted in a failure of consideration or cause, which was not discoverable or actionable until it occurred. Accordingly, she contends that her claims to void the Settlement are not prescribed under the terms of Article 1413

6

because they did not exist and/or were not known to her until December 2000 when the benefits provided for in the Settlement ceased for the first time and because this suit was filed less than five years from that time.

Shirley's argument does not account for the fact that more than five years had elapsed when Kendrick changed the nature of his benefits and she has not established, or even argued that Kendrick acted fraudulently when he executed the Settlement; therefore, any claim for lesion she had was prescribed at the time he changed the benefits. *See Daigre v. Cochrane*, 287 So.2d 539 (La.App. 3 Cir. 1973). Accordingly, this assignment of error is without merit.

### *Remand*

As explained above, our determination that Shirley's claim for 47% of Kendrick's monthly benefits is not res judicata is predicated on her assertion that payment of the monthly payments to her resumed after she filed her 2001 Rule to Show Cause. In light of Kendrick's denial of Shirley's claim that the payments did resume, we remand this matter and order the trial court to hold an evidentiary hearing to establish whether Shirley's assertion is true. If the benefits did resume, her claim is not res judicata; if they did not, her claim is res judicata.

Furthermore, federal law governs a former serviceman's entitlement to military retirement and/or disability benefits and preempts state law with regard to classification of the benefits as community property or separate property. The effect that redesignation of military retirement benefits to disability benefits has on an ex-spouse's entitlement to a portion of the former serviceman's disability benefits has been addressed by this court in *Russell v. Russell,* 520 So.2d 435 (La.App. 3 Cir. 1987), *writ denied*, 520 So.2d 119 (La.1988), and *Harmon v. Harmon*, 617 So.2d

7

1373 (La.App. 3 Cir. 1993). Computations based on information provided by the branch of the armed services in which the former serviceman served and/or the Veterans Administration determine the ex-spouse's portion of the disability benefits. *Id.*

This court has determined, however, that when a former serviceman assigned a portion of his military retirement benefits in lieu of paying his ex-wife alimony, the redesignation of military retirement benefits to disability benefits did not affect the terms of a community property settlement in which the ex-husband assigned a portion of his retirement benefits to his ex-wife and that the ex-wife was "entitled to receive 'the amount of benefits she should have received since his retirement benefits ha[d] been redesignated or since he failed to pay.'" *Poullard v. Poullard*, 00-1121, p. 3 (La.App. 3 Cir. 1/31/01), 780 So.2d 498, 500, *writ denied*, 01-569 (La. 4/20/01), 790 So.2d 641. Accordingly, the purpose and intent of Kendrick's assignment of 47% of his military retirement benefits must also be addressed on remand.

### *Disposition*

For the reasons stated herein, the trial court's grant of Kendrick's Peremptory Exceptions of Prescription and Res Judicata by Preclusion is reversed with regard to Shirley's claim for 47% of Kendrick's monthly benefits as provided in the Settlement, but it is affirmed as to her claims that the Settlement is void for failure of cause and lesion. This matter is remanded to the trial court for an evidentiary hearing at which the issues identified herein are to be addressed. Costs are to be assessed by the trial court after it addresses these issues on remand.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

8