# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-357


SHIRLEY A. BROUILLETTE

VERSUS

KENDRICK L. BROUILLETTE


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217507
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**Cooks, J., dissents and assigns written reasons.**

                                                    AFFIRMED.


Richard E. Lee
810 Main Street
Pineville, LA 71360
Telephone: (318) 448-1391
COUNSEL FOR:
        Defendant/Appellee - Kendrick L. Brouillette

Brian Davis Mosley
P. O. Box 12127
Alexandria, LA 71315
Telephone: (318) 484-6100
COUNSEL FOR:
        Plaintiff/Appellant: - Shirley A. Brouillette

**THIBODEAUX, Chief Judge.**

Shirley Brouillette appeals a trial court judgment which characterized combat-related military benefits received by her ex-husband, Kendrick Brouillette, as disability benefits exempt from Louisiana's community property laws. Shirley appeals.

For the following reasons, we affirm.

## I.

## ISSUES

We must decide whether the trial court erred:

(1)     in finding that Kendrick Brouillette intended that 47% of his retirement benefits were not paid in lieu of alimony;

(2)     in finding that the military benefits were disability benefits and not retired pay;

(3)     in excluding the testimony of Darlene Doolittle, as offered by plaintiff/appellant, to prove the intent of Kendrick Brouillette; and,

(4)     in finding that Kendrick Brouillette did alter his military benefits from retired pay to disabled pay with the intent to deprive Shirley Brouillette of her portion of the community.

## II.

## FACTS AND PROCEDURAL HISTORY

Shirley divorced Kendrick in 1986. The two agreed to and signed a Community Property Settlement that provided Shirley would receive 47% of Kendrick's military retirement benefits as her part of the community. Shirley received monthly payments from the retirement benefit, which were paid through the garnishment of Kendrick's monthly check from the Department of Veteran's Affairs. In 2004, Kendrick applied for eligibility to receive Combat-Related Special

Compensation (CRSC) with the United States Army. CRSC is not considered a retirement benefit. As a result, Shirley stopped receiving monthly payments.

Shirley filed a Petition to Enforce the Community Property Settlement agreement. Kendrick filed a Peremptory Exception of Res Judicata, which was ultimately granted by the trial court. Shirley appealed to the Third Circuit. We affirmed in part and remanded in part. *Brouillette v. Brouillette*, 09-35 (La.App. 3 Cir. 5/6/09), 18 So.3d 756. On remand, the trial court held that the nature of Kendrick's military benefit did not qualify as a retirement benefit and the state had no right to intervene and demand garnishment for the benefit for Shirley.

Our previous consideration of this case on appeal resulted in a remand to the trial court with specific instructions to address the purpose and intent of Kendrick's military retirement assignment at the time he entered into the Community Property Settlement Agreement with his wife.

III.

**LAW AND DISCUSSION**

**1. The purpose and intent of Kendrick's assignment**

On remand, the trial court was asked to determine the parties' intentions under the Community Property Settlement Agreement. The terms of the agreement stated that Shirley Brouillette would receive 47% of Kendrick Brouillette's military retirement pay as her portion of the community. The parties reached this designation by using the *Sims* formula, which calculates the amount contributed by each member of the community, during the community, in order to equally dissolve the community. *Sims v. Sims*, 358 So.2d 919 (La.1978).

Shirley asserts that the trial court erred by not applying *Poullard v. Poullard*, 00-1121 (La. App. 3 Cir. 01/31/01), 780 So.2d 498. *Poullard* held that an

2

ex-spouse still owed alimony despite a change from retirement benefits to disability benefits. *Poullard* involved a couple who, by consent judgment, agreed to dissolve the community. The consent judgment provided permanent alimony for the ex-wife. Subsequently, the husband sought to change his benefits from retirement benefits to disability benefits. He argued that the wife was not entitled to any portion of the disability benefits because he had only agreed to partition the retirement benefits. We disagreed, determining that at the time of the consent judgment the husband intended to provide the wife with permanent alimony irrespective of the source for that alimony. *Id.* at 500.

Unlike *Poullard,* the issue here is not related to alimony. Rather, Kendrick Brouillette and Shirley Brouillette agreed that Shirley was to receive 47% of the retirement benefits Kendrick received from the United States Army. Furthermore, during the trial, the parties stipulated that the 47% "was not granted to her [Shirley] for waiver of any future alimony." Therefore, *Poullard* is distinguishable and cannot avail Shirley under the circumstances of this case. The 47% of retirement benefits previously received by Shirley reflected her community interest, and was not apportioned to alimony.

## 2. The designation of pay as disability pay

Kendrick received military retirement benefits from 1974 through 2004. In 2004, he applied to the United States Army for consideration to receive Combat-Related Special Compensation. Combat-Related Special Compensation (CRSC) is a special benefit program designed by the Department of Defense to better aid retired veterans afflicted by combat-related injuries or disabilities. 10 U.S.C. § 1413a.[1] To

---

[1]§ 1413a. Combat-related special compensation

(a) Authority. The Secretary concerned shall pay to each eligible combat-related disabled uniformed services retiree who elects benefits under this section a monthly amount for the

qualify for CRSC, the veteran must be retired from active duty military, prove that he/she is at least ten-percent disabled as the result of combat duty, and personally apply to receive the special compensation. *Id.* The provisions within this section provide that CRSC is not military retired pay. 10 U.S.C. § 1413a(g).

Louisiana community property law recognizes that each spouse owns an interest in community assets acquired or built during marriage. Generally, after the dissolution of marriage, each spouse is entitled to his/her pro rata share of the community assets, including retirement plans and pensions. *Frazier v. Harper*, 600 So.2d 59 (La.1992); *Swope v. Mitchell*, 324 So.2d 461 (La.App. 3 Cir. 1975); La.Code Civ.P. art. 2402. However, it is clear under Louisiana jurisprudence that recipients of military disability benefits own the sole interest in those benefits. *Russell v. Russell*, 520 So.2d 435 (La.App. 3 Cir. 1987); *Rearden v. Rearden*, 568 So.2d 1111 (La.App. 2 Cir. 1990) (Veteran's Affairs disability benefits, received in lieu of military retirement benefits, are not subject to Louisiana's community property law).

Kendrick introduced Defendant's Exhibit Number 5. Exhibit 5 is a notice letter describing Kendrick's eligibility to receive CRSC. There is no suggestion within the Exhibit, or the record as a whole, implying that Kendrick was/is receiving any military benefits aside from CRSC. As a result, the trial court properly concluded that Kendrick is receiving disability benefits.

Furthermore, according to the Supremacy Clause of the United States Constitution, federal law may preempt state law when Congress shows clear intent when enacting a law. *Epoch Wellsite Servs. v. Ortego*, 03-547 (La.App. 3 Cir.

---

combat-related disability of the retiree determined under subsection (b).

10 U.S.C. § 1413a(a).

4

11/5/03), 858 So.2d 827. Within the Combat-Related Special Compensation statute, Congress expressed that CRSC pay was not military retired pay. *See* 10 U.S.C. § 1413a(g). Thus, federal law is controlling. As a result, we affirm the trial court's determination that Kendrick's military benefits are disability benefits.

### 3. The exclusion of evidence

The trial court excluded the testimony of Darlene Doolittle, daughter of Kendrick and Shirley, which was offered by Shirley to prove Kendrick's intent regarding the change in designation of his retirement benefits. The offered testimony was to describe a form that Kendrick used to change his military benefit plan. The form at issue could not be produced; therefore, there was no way to rebut the testimony of the daughter.

The court permitted Shirley to proffer the testimony in order to fully complete the record and make the excluded testimony reviewable by this court. *Sher v. Lafayette Ins. Co.,* 07-2441 (La. 7/7/08), 988 So.2d 186. After review, we do not find the trial court erred in excluding the testimony. "The trial court is vested with vast discretion in connection with the admissibility of evidence. It will not be reversed absent an abuse of that discretion." *Bridgers v. Sw. La. Hosp. Ass'n*, 99-520 (La.App. 3 Cir. 11/3/99), 746 So.2d 731, 735 (citing *Maddox v. Omni Drilling Corp.*, 96-1673 (La.App. 3 Cir. 8/6/97), 698 So.2d 1022*, writ denied*, 97-2766 (La. 1/30/98), 709 So.2d 706). We find there is no showing of an abuse of discretion on the part of the trial judge. We affirm the trial court's decision to exclude the testimony of Darlene Doolittle.

**4. Receipt of Combat-Related Special Compensation**

Kendrick asserted that receipt of Combat-Related Special Pay is disability pay, such that he no longer receives any retirement benefits from the United States Army. The record is void of any evidence suggesting otherwise.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Shirley Brouillette.

**AFFIRMED.**

SHIRLEY A. BROUILLETTE

VERSUS

KENDRICK L. BROUILLETTE

**COOKS, J., dissenting.**

I do not agree with the majority's decision to affirm. The result of the trial court's ruling, if allowed to stand, disregards the true intent of the parties. Their intent was for Kendrick to pay Shirley 47% of his retirement benefits for as long as Shirley lived, provided she did not remarry. She is still alive and has not remarried. Further, Shirley has a vested ownership interest in a portion of Kendrick's retirement. In this case, Kendrick was bound by the contract created through the community property partition. To allow Kendrick to get out of this agreement by re-designating the classification of benefits affirms his announced intent not to honor the community property agreement. Therefore, I would reverse the trial court's judgment.