STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**14-1282**


REGINA BETH ANN GILLEY AST

VERSUS

DAVID LEE AST, JR.


********


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 60,398
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

********

**JOHN E. CONERY**
**JUDGE**

********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell,
and John E. Conery, Judges.


**AFFIRMED.**


**William D. Dyess**
**The Dyess Law Firm**
**870 West Main Street**
**Many, Louisiana 71449-0420**
**(318) 256-5667**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **David Lee Ast, Jr.**

**David C. Hesser**
**Hesser & Flynn, A Limited Liability Partnership**
**2820 Jackson Street**
**Alexandria, Louisiana 71301**
**(318) 542-4102**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Regina Beth Ann Gilley**

**CONERY, Judge.**

This appeal involves issues based on a community property judgment rendered pursuant to a stipulation between former husband and wife as to allocation of the husband's military benefits. The appellant argues that the trial court lacked subject matter jurisdiction to partition military disability benefits as part of the community. The appellant/husband further contends that the stipulation between the parties read on the record and the subsequent judgment rendered are inconsistent such that the judgment should be corrected to reflect the true intent of the parties as reflected in the stipulation. The trial judge held that the court had jurisdiction to enforce its ruling based on the husband's personal appearance and the judgment signed by the husband's attorney. The trial court ruled that the change sought in the wording of the judgment was a substantial change and could not be corrected after it had become final. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

David Ast sued Regina Gilley for a divorce in Sabine Parish, and a judgment of divorce was signed on August 18, 2008. On November 12, 2008, Ms. Gilley filed a motion claiming entitlement to an alleged forty-nine percent community interest in Mr. Ast's military retirement under the *Sims* formula as part of the community of acquets and gains.[1] At a hearing on February 5, 2009, a stipulation of the parties was read into the record providing that Ms. Gilley would receive a forty-nine percent interest in Mr. Ast's military retirement benefits. A final judgment was signed on March 24, 2009, after having been approved as to form

---

[1] In *Sims v. Sims*, 358 So.2d 919 (La.1978), the supreme court established a formula to be used in calculating community interests in retirement plan benefits which had not yet matured at the time of the community partition.

and content and signed by counsel for Mr. Ast. No motion for new trial or appeal was filed by Mr. Ast, and the judgment became final in June 2009.

Over three years later, in January 2013, Ms. Gilley filed a rule for contempt, rule to enforce judgment, and a motion to appoint a curator for absentee defendant against Mr. Ast, who was living out of state. Ms. Gilley sought to enforce the February 2009 judgment against Mr. Ast, claiming that he failed to pay Ms. Gilley her forty-nine percent interest in his military benefits or its equivalent. Mr. Ast appeared through counsel and responded by filing a peremptory exception of no cause of action, a declinatory exception of lack of subject matter jurisdiction, and a rule for partition of property. Mr. Ast claimed that he had suffered a second heart attack in 2010 and was then declared 100% disabled by the United States Department of Veterans Affairs. Mr. Ast further claimed that since 2010, he had been receiving Combat Related Special Compensation (CRSC) military benefits due to his disability status, instead of his military retirement. Mr. Ast asserted that because he was declared 100% disabled and was no longer receiving military retirement, but CRSC instead, his military benefits were no longer classified as community property and could not be partitioned.[2] Thus, Mr. Ast asserted that the trial court lacked subject matter jurisdiction to divide his military benefits and could not enforce the February 2009 judgment. After a contradictory hearing the trial court denied Mr. Ast's exceptions for written reasons assigned.

---

[2] Judge Beaseley noted in a footnote in his written reasons that:

> Mr. Ast describes, in the subjective voice, that his military retirement benefits were converted to disability benefits, suggesting it was by unilateral action by the government. The law concerning waiver of military retired pay in exchange for Department of Veterans Affairs (VA) disability compensation allows a retiree to elect an amount of tax-free disability compensation only if he gives up the same amount of retired pay. 38 U.S.C. 5304-5305. As the US Code defines this as waiver, it is an election expressly chosen by the veteran.

Mr. Ast then filed a motion for a new trial based on his contention that the stipulation of the parties read on the record in February 2009 did not provide that Ms. Gilley would receive military disability benefits. Mr. Ast asserted that the judgment and the record were not consistent and thus, the judgment should be amended to reflect the stipulation of the parties. After another contradictory hearing, the trial court again denied Mr. Ast's motion and ruled in favor of Ms. Gilley. Mr. Ast now timely appeals, the judgment rendered pursuant to that ruling signed on September 17, 2014, asserting two assignments of error. For the following reasons, we affirm.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Ast asserts the following as error:

I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO DIVIDE UNITED STATES MILITARY DISABILITY BENEFITS IN THE 2009 COMMUNITY PROPERTY JUDGMENT AND THEREFORE THE JUDGMENT AS IT RELATES TO MILITARY DISABILITY BENEFITS IS NULL AND CANNOT BE ENFORCED.

II. THE TRIAL COURT ERRED IN NOT AMENDING THE FEBRUARY 5, 2009 JUDGMENT TO CORRECTLY RECITE THE TERMS AND CONDITION[S] OF THE STIPULATION READ ONTO THE RECORD ON FEBRUARY 5, 2009, BECAUSE THE STIPULATION READ ONTO THE RECORD CONSTITUTES A BINDING COMPROMISE UNDER [La.Civ.Code. art. 3071].

## DISCUSSION

*Assignment of Error One*

## JURISDICTION

David Ast filed suit in Sabine Parish seeking a divorce from his wife, Regina Gilley. The court granted the divorce on August 18, 2008. Ms. Gilley then asked that Mr. Ast's military retirement pay be declared community property, and that she be declared to be entitled to one-half of that military retirement pay based on

their years living together. The court ruled in favor of Ms. Gilley and signed a judgment on March 24, 2009. The judgment was approved as to form and content and signed by the attorney for both parties. Mr. Ast failed to file a motion for new trial or appeal and the judgment became final. Ms. Gilley, in turn, began receiving one-half of Mr. Ast's retirement benefits.

As previously stated, Mr. Ast later had a heart attack and converted his retirement pay to disability benefits (CRSC) under federal law, 10 U.S.C. § 1413a(g). Under that statute, such benefits are not classified as military retirement pay, but as disability payments that would not have been considered to be community property had he been receiving those benefits at the time of the judgment.

Mr. Ast, however, was receiving military retirement benefits and he had already stipulated and agreed to provide Ms. Gilley with one-half of his retirement benefits or its disability equivalent in the judgment. The trial court had personal jurisdiction over Mr. Ast, pursuant to La.Code Civ.P. art. 6, and ordered him in a final judgment to pay one-half of the amount received to Ms. Gilley, whether termed retirement or disability. We approve of the trial judge's reasons on this issue and quote with approval:

Given this testimony, Mr. Ast knew that:

1.  The subject judgment declared Ms. Gilley's ownership in his military retirement benefits and its later incarnation to Combat Related Special Compensation (CRSC) and Veterans' Administration (VA) Disability,

2.  Ms. Gilley received only the amount of her share of Mr. Ast's pre-conversion military benefits,

3.  The U.S. government stopped paying Ms. Gilley any of his benefits after said conversion,

4

4. Mr. Ast was receiving 100% of the Combat Related Special Compensation (CRSC) and Veterans' Administration (VA) Disability funds due him by the U.S. government as a direct result of his efforts to convert his military retirement benefits to said disability payments,

5. Ms. Gilley was no longer receiving or expected to receive any funds remotely related to Mr. Ast's military service after said conversion.

Notwithstanding Ms. Gilley's undeniable forty-nine percent (49%) ownership of his later-converted retirement pay, as ordered by this court, Mr. Ast was determined not to pay it knowing he was not receiving one hundred percent (100%) of the disability payments. In the four years since the conversion, Mr. Ast failed to redirect any part of Ms. Gilley's share of those monthly payments with the clear understanding that it was in contravention to the subject judgment. The court finds Mr. Ast's explanation for non-payment, because he assumed he [had] no further obligation to do so, is dubious at best. He clearly placed his own assumption above the rule of law as well as his own assessment of the law as he perceived it to be. Further, his silence and inaction since 2009, and then only when prompted by Ms. Gilley's contempt proceeding, bespeaks he had no intention to honor the subject judgment. There is no justification for his willful and silent withholding of Ms. Gilley's ownership in his monthly disability payments and as such, he is in constructive contempt of court within the meaning of La.Code Civ.P. art. 224.

Additionally, this court put its imprimatur on the subject consent judgment at the bequest of the parties in their pursuit to resolve their dispute. Mr. Ast unilaterally disregarded that imprimatur and quietly rationalized it as error while he sat comfortably nestled over 1,100 miles away from this court. Such smugness falls within the ambit of prohibited acts of La.Code Civ.P. art. 221.

As explained at length in this court's order of April 24, 2014, notwithstanding the federal pre-emption of military disability payments under 10 U.S.C. § 1408(a)(4)(B), under La.R.S. 9:2801.1, Ms. Gilley is entitled to be compensated for any loss she suffers created by such military retirement benefit conversion.

We agree with the trial court, but note that the trial judge could not have

directly applied La.R.S. 9:2801.1, which states:

When federal law or the provisions of a statutory pension or retirement plan, state or federal, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse

5

of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community property. Nevertheless, if such property consists of a spouse's right to receive social security benefits or the benefits themselves, then the court in its discretion may allocate or assign other community property equal in value to the other spouse.

The cases interpreting La.R.S. 9:2801.1 have only dealt with the portion of the statute referencing social security benefits. Social security benefits cannot be classified as community property by federal preemption. In cases which involve the allocation of social security benefits, the statute grants the trial court the discretion to decide whether or not to award additional community assets.

In *Comeaux v. Comeaux*, 08-1330 (La.App. 3 Cir. 4/1/09), 7 So. 3d 110, the trial court choose to exercise its discretion and allocate additional community assets based on social security benefits not classified as community assets under federal law. In *Williams v. Williams*, 12-732 (La.App. 3 Cir. 12/5/12), 104 So.3d 760, the trial court chose not to exercise its discretion under the statute. Both cases were affirmed on appeal. This court based its affirmation of both cases on the discretion granted to the trial court in the second portion of La.R.S. 9:2801.1, applicable only to social security benefits.

This case involves a military retirement benefit, now converted into a 100% military disability benefit, which would have been subject to a federal preemption had the disability benefit been in effect at the time of the initial trial court judgment on March 24, 2009. The trial court was subject to the mandatory "shall" language of La.R.S. 9:2801.1 at the last hearing held on June 20, 2014 requiring that it shall allocate or assign, "the ownership of the community property equal in value," to the pension or plan, prior to the division of the total community.

6

But, because the community had already been resolved in March 2009, there were no longer any assets that the district court could have allocated to Ms. Gilley pursuant to the statute. The deposition testimony of Ms. Gilley introduced at the hearing indicated there was nothing left to divide. Therefore, we find that the district court was legally correct in enforcing the final judgment, which provided that if military retirement benefits were converted to military disability benefits, that those benefits should be allocated one-half to Ms. Gilley.

On appeal, Mr. Ast further cites *Brouillette v. Brouillette*, 10-357 (La.App. 3 Cir. 11/24/10), 51 So.3d 898, and continues to argue the proposition that "it is clear under Louisiana jurisprudence that recipients of military disability benefits own the sole interest in those benefits." *Id*. at 901. While that holding may still be valid under some circumstances, here Mr. Ast voluntarily agreed to do otherwise in a final judgment. In *Poullard v. Poullard*, 00-1121 (La.App. 3 Cir. 1/31/01), 780 So.2d 498, *writ denied*, 01-569 (La. 4/20/01), 790 So.2d 641, this court held, "Nothing in either the state or federal law prevents a person from agreeing to give a part of his disability benefit to another." *Id*. at 500. We affirm the trial judge on this issue and find that Mr. Ast's first assignment of error has no merit.

*Assignment of Error Two*

In his second assignment of error, Mr. Ast alleges that the stipulation between the parties that was read into the record differs from that of the actual judgment. Thus, Mr. Ast contends that the trial court erred in not "reforming" or "amending" the judgment to reflect the intent of the parties expressed in the stipulation. The stipulation can be found in the record, as follows:

> The Court: It's my understanding y'all reached an agreement in the matter. Who would like to recite it?

7

Ms. Nelson: Your Honor, I can. Just for the record, we have an agreement in this matter and we're going to recognize Ms. Gilley's interest in and to his military retirement and I believe that percentage is forty-nine percent based on the years of service. We put all that language in the judgment the military requires. In addition, although it was not at issue today, Ms. Gilley has a retirement of her own. It's an NAF retirement and we believe that his interest in the retirement would have accrued from December of 2001 till August of 2008. Clearly, he's entitled to fifty percent of the accrued value of that. We're going to contact them and get the value and I'm going to prepare a QDRO that we will take care of all that. And I believe this will fully satisfy the community between these parties.

The judgment, however, reads in pertinent part:

IT IS ORDERED, ADJUDGED AND DECREED that the Court does recognize that REGINA GILLEY, is entitled to a FORTY-NINE PERCENT (49%) share in DAVID LEE AST, JR.'s Military Retirement Benefits or equivalent and/or offset retirement pay beginning February 5, 2009, including cost of living expenses, CRSC or CRDP, or any other retirement system in which his military service was a significant part of the retirement.

Mr. Ast is correct in noting that the stipulation between the parties did not include the wording, "or equivalent and/or offset retirement pay beginning February 5, 2009, including cost of living expenses, CRSC or CRDP, or any other retirement system in which his military service was a significant part of the retirement." He then argues that the judgment signed by the trial court did not reflect the intent of the parties expressed in the stipulation and must now be amended or changed, even though final. He cites La.Code. Civ.P. art. 1951, which provides:

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

It is well settled that a final judgment may be amended only when the amended part takes nothing from or adds nothing to the original judgment. *See Tunstall v. Stierwald*, 01-1765 (La. 2/26/02), 809 So.2d 916; *Sanderford v. Mason*, 12-1881 (La.App. 1 Cir. 11/1/13), 135 So.3d 745; *Thompson v. Falgout*, 09-1026 (La.App. 3 Cir. 3/10/10), 33 So.3d 410. Thus, the trial courts do not have the authority to substantively amend a judgment. *See also Krieg v. Krieg Bros. Terrazzo Co., Inc.*, 93-1065 (La.App. 3 Cir. 9/28/94), 645 So.2d 661, *writ denied*, 95-0152 (La. 3/30/95), 651 So.2d 837.

Pursuant to *Reon v. Reon*, 07-1277 (La.App. 3 Cir. 4/2/08), 982 So.2d 210, open court recitations, by which the parties in divorce proceedings agree to stipulations offered by their respective attorneys, constitute a binding compromise or agreement on the partition of their community property under La.Civ.Code art. 3071. Citing *Reon*, Mr. Ast argues that any portion of the judgment that does not reflect the intent of the parties does "not constitute part of the agreement between [the parties] and must be removed to reflect the parties' intent." *Reon*, 982 So.2d at 212.

In *Reon*, the parties orally stipulated in open court as to the partition of their community property. The judgment, however, contained provisions not contained in the transcript of the stipulation between the parties. A panel of this court concluded that the judgment did not accurately reflect the intent of the parties, and thus, the conflicting language had to be removed. The court affirmed the judgment of the trial court, but vacated six paragraphs that did not constitute the intent of the parties.

However, in *Reon*, after noticing that the judgment did not conform to the stipulation, Ms. *Reon* timely filed a motion for new trial, which was denied. She

then filed a timely appeal. In this case, the judgment was signed and approved by the attorney for David Ast on March 24, 2009. The judgment became final in June 2009, as no motion for new trial was filed and no appeal lodged. Over one year following Mrs. Ast's rule for contempt filed on January 28, 2013, Mr. Ast finally filed an exception to the trial court's jurisdiction and peremptory exception of lack of jurisdiction as to the issue of division of military disability pay on March 27, 2014. He did not file his motion for new trial or motion to amend judgment based on his motion to "change the phraseology" of the judgment until May 1, 2014, some five years after the judgment became final.

Again, Judge Beaseley thoughtfully considered Mr. Ast's argument and held:

> The subject judgment is final pursuant to La.Code Civ.P. art. 1841 as it settled all issues of the subject dispute, post-divorce partition of each party's retirement, pursuant to the specific rule to show cause filed November 13, 2008, entitled "Petition for Recognition of Military Retirement Benefits." To strike the offending language as Mr. Ast requests would be a change of substance rather than correction of phraseology or typology. Such an amendment would wholly eliminate as well as terminate Ms. Gilley's share in Mr. Ast's retirement benefits as described therein because Mr. Ast converted his military retirement benefits, without warning or notice to Ms. Gilley, to CRSC (Combat Related Special Compensation), a disability based form of payment that is federally pre-empted from state community property adjudication. 10 U.S.C. § 1408(a)(4)(B) The kind of amendment allowed by Art.1951 is one that "takes nothing from or adds nothing to the original judgment." *Villaume v. Villaume,* 363 So.2d 448[, 450] (La.1978); [*see also*] *Thomas v. Williams,* [48,003 (La.App. 2 Cir. 5/15/13), 115 So.3d 715]. It is undoubtedly clear that to amend the judgment as requested would render the judgment henceforth meaningless, *e.g.,* establishing Ms. Gilley's rightful ownership in all retirement benefits of Mr. Ast she earned during their twenty-three year marriage. Since this change would be substantive, Mr. Ast was confined to two options: (1) to timely file for appeal or (2) timely file for a new trial. The record shows he did neither.

> . . . .

Here, the subject judgment Mr. Ast seeks to be "reformed" was signed and made an order of court on March 24, 2009. Further, it was approved as to form and content by all counsel at the time. Mr. Ast had until April 2, 2009, to move for a new trial, until May 2, 2009, to move for suspensive appeal, and until June 2, 2009, to move for devolutive appeal. La.Code Civ.P. arts. 1974, 2123, 2087. The court notes that Mr. Ast had seventy days—from March 24 to June 1—in which to read the subject consent judgment and utilize the slowly evaporating procedural remedies available to him. In addition, any fault rests solely with Mr. Ast for not only failing to read the judgment and jump into action, but also for allowing his attorney to sign it in approval as to form and content before it was submitted to the court for signature. Given the years of silence and Mr. Ast's approval via his counsel's signature, the court is at a loss to discern a more presumptively accurate consent judgment. As found in *Crawford* [49,059 (La.App. 2 Cir. 5/14/14), 139 So.3d 1113], this court is similarly without authority to supply procedural steps that Mr. Ast failed to take.

We again agree with the trial judge's well-reasoned decision.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court in all respects. The costs of this appeal are assessed to David Ast.

**AFFIRMED.**

11